IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BRANDON JOHN SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-22-812-SLP |
| | ) |
| CARRIE BRIDGES, Warden, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner, Brandon John Smith, a state prisoner appearing with counsel, has filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. No. 1]. Petitioner is in the custody of the Oklahoma Department of Corrections. He was convicted of Counts 1 through 3, rape in the first degree, in violation of Okla. Stat. tit. 21, § 1114(A)(5), and Counts 4 through 11, lewd or indecent acts to a child under sixteen (16), in violation of Okla. Stat. tit. 21, § 1123(A)(2), District Court of Cleveland County, State of Oklahoma, Case No. CF-2017-818.[1] The Oklahoma Court of Criminal Appeals (OCCA) affirmed Petitioner's conviction on direct appeal. *See* OCCA Summary Op. [Doc. No. 10-1]. And

---

[1] Petitioner was sentenced to fifteen years' imprisonment on each of Counts 1 and 2, eighteen years' imprisonment on Count 3, twelve years' imprisonment on Count 4, five years' imprisonment on each of Counts 5 through 7, nine years' imprisonment on Count 8, five years' imprisonment on Count 9, six years' imprisonment on Count 10 and ten years' imprisonment on Count 11. Counts 1, 2 and 3 were ordered to be served consecutively and Counts 4 through 11 to be served concurrently with each other but consecutively to Counts 1, 2 and 3. In this habeas action, Petitioner challenges his convictions on federal constitutional grounds, but does not separately challenge the sentences he received.

the OCCA denied Petitioner's application for post-conviction relief. *See* OCCA Order Affirming Denial of Post-Conviction Relief [Doc. No. 10-13].

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings. The Magistrate Judge issued a Report and Recommendation [Doc. No. 13] (R&R) recommending denial of the Petition. Petitioner timely filed an Objection [Doc. No. 14] to the R&R. Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection has been made, and may accept, reject, or modify the recommended decision, in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

## I.       Petitioner's Claims Subject to Review

Petitioner raises four grounds for relief in his Petition [Doc. No. 1].[2] Petitioner objects to the Magistrate Judge's findings as to the claims raised in Grounds One, Two and Four. He does not object to the claim raised in Ground Three. He, therefore, has waived review of that claim. *See Griffith v. El Paso Cnty, Colo.*, 129 F.4th 790, 805 (10th Cir. 2025).

As set forth below, the Court finds Ground One is procedurally barred from federal habeas review. As to Grounds Two and Four, the Court finds Petitioner has failed to establish that the adjudication of these claims by the OCCA was contrary to or an unreasonable application of clearly established federal law. And, as set forth, Petitioner

---

[2] Citations to the parties' briefing submissions are to the Court's ECF pagination.

has not objected to the Magistrate Judge's findings as to Ground Three. Accordingly, the Court adopts the recommendation of the Magistrate Judge and DENIES the Petition.

## II.   Governing Standard

The resolution of a claim brought pursuant to § 2254 "is highly dependent on the standard of review required by AEDPA." *Wellmon v. Colo. Dep't of Corrs.*, 952 F.3d 1242, 1245 (10th Cir. 2020). "To determine whether Petitioner is entitled to relief, [the court] must analyze what occurred at trial and on appeal, determine what standard the [state court] applied, analyze whether that standard conflicted with clearly established United States Supreme Court precedent, and finally decide whether the [state] court unreasonably applied that standard." *Id*.

Those claims raised by Petitioner that were reviewed on the merits by the OCCA are governed by the deferential standard of review set forth in 28 U.S.C. § 2254(d). This standard is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt." *Martinez v. Quick*, 134 F.4th 1046, 1055 (10th Cir. 2025) (internal quotation marks and citation omitted).

Under § 2254(d)(1), this Court must defer to the OCCA's decision unless it "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States." *Id*. at 1055-56. A state court's ruling is "contrary to" such clearly established law if it "applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Court] ha[s] done on a set of materially indistinguishable facts." *Id*. at 1056 (internal quotation marks and citations omitted). "A state court unreasonably applies

3

Supreme Court precedent if the state court correctly identifies the governing legal principle from the Court's decisions but unreasonably applies it to the facts of the particular case." *Id*. at 1056 (cleaned up). "An unreasonable application of law is more than an incorrect application of law; a petitioner must show that a state court's decision is so obviously wrong that no reasonable judge could arrive at the same conclusion given the facts of the [petitioner's] case." *Id*. (internal quotation marks and citations omitted)).

### III. Relevant Factual and Procedural Background

As pertinent to Grounds One and Two, prior to trial, the State filed a motion in limine, invoking the protections of Oklahoma's rape shield statute, Okla. Stat. tit. 12, § 2412, as to the minor victim, H.S. *See* State Court Records [Doc. No. 12], Record on Appeal (ROA) at 57-58 (Motion in Limine).[3] The Motion in Limine sought to preclude

---

[3] Oklahoma's rape shield statute provides:

> A. In a criminal case in which a person is accused of a sexual offense against another person, the following is not admissible:
>
> 1. Evidence of reputation or opinion regarding other sexual behavior of a victim or the sexual offense alleged.
>
> 2. Evidence of specific instances of sexual behavior of an alleged victim with persons other than the accused offered on the issue of whether the alleged victim consented to the sexual behavior with respect to the sexual offense alleged.
>
> B. The provisions of subsection A of this section do not require the exclusion of evidence of:
>
> 1. Specific instances of sexual behavior if offered for a purpose other than the issue of consent, including proof of the source of semen, pregnancy, disease or injury;
>
> 2. False allegations of sexual offenses; or
>
> 3. Similar sexual acts in the presence of the accused with persons other than the accused which occurs at the time of the event giving rise to the sexual offense alleged.

4

the admission of any evidence of "the sexual behavior of the victim with anyone other than the defendant" to include "evidence regarding testing for sexually transmitted diseases at the request of [the victim's] mother and reasons for her requesting the testing be conducted." *Id.*

The state trial court entered a Pretrial Conference Summary Order and noted that the Motion in Limine was "sustained by agreement" and that "Defendant [did] not intend to offer any evidence violative of the statute including but not limited to any evidence or reference to testing the minor child for sexually transmitted diseases." ROA at 68. At trial, prior to Petitioner testifying, a further record was made by his Petitioner's trial counsel regarding the Motion in Limine. Petitioner's counsel acknowledged that he "confessed" the Motion in Limine. *See* State Court Records, Transcript of Jury Trial Proceedings (Tr.), Vol. II at 332. Counsel then advised Petitioner that he could not "mention anything about H.S. being taken to the doctor for the possibility of being checked for sexually transmitted

---

C. 1. If the defendant intends to offer evidence described in subsection B of this section, the defendant shall file a written motion to offer such evidence accompanied by an offer of proof not later than fifteen (15) days before the date on which the trial in which such evidence is to be offered is scheduled to begin, except that the court may allow the motion to be made at a later date, including during trial, if the court determines either that the evidence is newly discovered and could not have been obtained earlier through the exercise of due diligence or that the issue to which such evidence relates has newly arisen in the case. Any motion made under this paragraph shall be served on all other parties by counsel for the defendant and on the alleged victim by the district attorney.

2. If the court determines that the motion and offer of proof described in paragraph 1 of this subsection contains evidence described in subsection B of this section, the court may order an in-camera hearing to determine whether the proffered evidence is admissible under subsection B of this section.

Okla. Stat. tit. 12, § 2412.

diseases" or "anything about his suspicions of H.S. having sex with her boyfriend or any other parties." *Id*. The trial court confirmed that Petitioner understood what his counsel had advised and reiterated that Petitioner would not be able to testify about such matters. *Id*. at 335-36.

The record – both before the state courts and on federal habeas review – is void of any evidence that H.S. actually did, or did not have, any sexually transmitted disease. Similarly, the record is void of any evidence as to whether Petitioner did, or did not have, any sexually transmitted disease. Further, there is no proffered evidence that H.S. was sexually active with anyone other than Petitioner.

## IV. Discussion

### A. Ground One – Petitioner's Fifth and Sixth Amendment Challenges are Procedurally Barred

In Ground One, Petitioner challenges the trial court's ruling on the State's motion in limine pertaining to Oklahoma's Rape Shield Law, Okla. Stat. tit. 12, § 2412, and claims as a result of that ruling, he was denied his Fifth Amendment right to present a defense and his Sixth Amendment right to confront witnesses against him. In response to Ground One, Respondent argued the claim was procedurally barred from federal habeas review.[4] The Magistrate Judge agreed and recommended denying the claim raised in Ground One on this basis. *See* R&R at 7-13.

---

[4] Respondent argued, alternatively, that the claim raised in Ground One was: (1) subject to an anticipatory procedural bar; (2) failed under § 2254(d)'s deferential standard; and/or (3) failed on de novo review. Because the Magistrate Judge found the claim subject to procedural bar, Respondent has not objected to that singular finding, and Petitioner's Objection is focused on the issue of procedural bar, the Court limits its review of Ground One accordingly.

> In his Objection, Petitioner states the following:
>
> Petitioner urges this Court to reject the determination that Ground One is procedurally barred and find that habeas relief is warranted because the OCCA's opinion should not be entitled to deference because it was ambiguous regarding any factual determination.

Obj. at 2. Petitioner's challenge to the Magistrate Judge's finding that Ground One is procedurally barred is wholly conclusory and without any supporting factual or legal analysis.[5] Accordingly, Petitioner has waived any objection to the Magistrate Judge's findings.

Moreover, the Court has reviewed the analysis of the Magistrate Judge and concurs that the claim is procedurally barred. The OCCA denied the claim finding "no plain or obvious error in the record, because the record is void of substance regarding this issue." *See* OCCA Summary Op. at 3. The OCCA noted that Petitioner "agreed to the State's motion" and, therefore, did not "preserve[] any issue for review. *Id*. (citing Okla. Stat. tit. 12, § 2104). The OCCA did not conduct a "merits" plain-error review but instead found Petitioner had "fail[ed] to satisfy some independent state law predicate." *Id*. Under these circumstances, the OCCA's decision "constitute[s] an independent state ground for decision" and "warrant[s] application of procedural-bar principles on federal habeas." *Cargle v. Mullin*, 317 F.3d 1196, 1206 (10th Cir. 2003); *see also Finlayson v. State*, 6 F.4th 1235, 1241 (10th Cir. 2021) ("[W]here a state court conducts a plain error review and recognizes or assumes an error of federal law but still denies relief on some other element

---

[5] Petitioner seemingly conflates the application of a state procedural bar and the deferential standard of review under 2254(d)(1) in objecting to the denial of Ground One.

7

of the state's plain error standard, that will serve as an independent state rule" for purposes of finding the claim procedurally barred.); *O'Bryant v. Nunn*, No. 22-6098, 2022 WL 17724698 at *3 (10th Cir. Dec. 16, 2022) (failure to make a trial objection is an independent and adequate state procedural ground upon which to deny a claim and such a claim is "procedurally barred from habeas review unless the state court proceeded to review for plain error and denied relief because the claim lacked merit under federal law").

Petitioner did not address the issue of procedural bar in the Petition, nor did Petitioner file a reply to address Respondent's assertion of procedural bar.[6] Thus, Petitioner has not asserted cause and prejudice as grounds to overcome the procedural bar or made a showing that the miscarriage of justice exception should apply. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Accordingly, Ground One of the Petition is denied.[7]

### B.     Ground Two – Ineffective Assistance of Counsel

In Ground Two, Petitioner brings an ineffective assistance of counsel claim. He asserts his trial counsel rendered constitutionally ineffective assistance by "acquiesce[ing] [to] the State's Motion in Limine, which sought to preclude the presentation to the jury of testimony and evidence as to H.S.'s status as a sexually active person and of the fact that

---

[6] Petitioner was provided an opportunity to file a reply but chose not to do so. *See* Order [Doc. No. 6] at 2, ¶ 5 ("Petitioner may file a reply brief within thirty (30) days after the filing of Respondent's response.").

[7] In his Objection, Petitioner states that Grounds One and Two are "directly related," *see* Obj. at 1, but never asserts that ineffective assistance of counsel serves as cause to overcome the procedural bar as to Ground One. Regardless, for the reasons that follow, his ineffective assistance of counsel claim lacks merit and, necessarily therefore, does not establish cause to overcome the procedural bar.

8

prior to H.S.'s disclosure of the allegations against Petitioner, H.S.'s mother took her to the doctor to be screened for sexually transmitted infections[.]" Pet. at 28. Additionally, Petitioner contends that even though the evidence did not fall under the purview of Oklahoma's rape shield statute (citing Okla. Stat. tit. 12, § 1242), "counsel was ineffective for failing to file, out of an abundance of caution, a written pre-trial motion to offer such evidence accompanied by an offer of proof as required by 12 O.S. § 2412(C)." *Id*. at 28-29.

The Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984) provides the clearly established federal law governing Petitioner's ineffective assistance of counsel claim. The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel so as to ensure a fair trial. *Strickland*, 466 U.S. at 686. To prevail on an ineffective assistance of counsel claim, a habeas petitioner must show: (1) that his counsel's performance was deficient, i.e. "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) the deficient performance prejudiced the defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id*. at 687.

In rejecting Petitioner's ineffective assistance of counsel claim on direct appeal, the OCCA focused solely on the deficient performance prong of the *Strickland* analysis and concluded that Petitioner failed to show that trial counsel's conduct "fell below objective standards of reasonableness under prevailing professional norms" or that "counsel's conduct was not reasonable strategy." *See* OCCA Summary Opinion [Doc. No. 10-1] at 4

(citing *Strickland*, 466 U.S. at 687-88).  Therefore, only that prong of the *Strickland* analysis, is subject to deference under § 2254(d).  *See Martinez*, 134 F.4th at 1057 ("[B]ecause the OCCA only ruled on the performance prong [of *Strickland*], that is the only prong subject to § 2254(d).").

"A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance."  *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689).  As the Tenth Circuit has explained: "[s]ection 2254(d)(1) is particularly difficult to meet for [ineffective assistance of counsel] claims." *Martinez*, 134 F.4th at 1057; *Davis v. Sharp*, 943 F.3d 1290, 1299 (10th Cir. 2019).  "The question is not merely whether counsel performed reasonably under *Strickland*; instead, it is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* (cleaned up).  "That means, given the deference baked into *Strickland* . . . [§ 2254] review of the OCCA's no-deficient-performance ruling is "doubly deferential." *Id.* (internal quotation marks and citations omitted).  The court "defer[s] to the state court's determination that counsel's performance was not deficient and, further, defer[s] to the attorney's decision in how to best represent a client*.*" *Grant v. Royal*, 886 F.3d 874, 903 (10th Cir. 2018) (internal quotation marks and citations omitted).

The Magistrate Judge concluded that "the OCCA did not unreasonably apply *Strickland* in rejecting Petitioner's [IAC] claims[.]"  R&R at 15; *see also id*. at 17 ("[T]he OCCA's decision that Mr. Smith's trial counsel did not render constitutionally ineffective assistance was neither contrary to, nor an unreasonable application of, Supreme Court

10

precedent."). In support of this conclusion, the Magistrate Judge reasoned that "the information in the Motion in Limine fell directly in the purview of the Rape Shield Law" and, therefore, that "trial counsel was not unreasonable in agreeing to the motion being sustained." R&R at 17. The Magistrate Judge further determined that "because the information Petitioner believes trial counsel should have sought to include regarding H.S. being sexually active and tested for sexually transmitted diseases did not fall under an exception to the Rape Shield Law as set forth in 12 O.S. § 2412(B), trial counsel was not remiss in failing to file a motion under subsection (C)." *Id.*

In his Objection, Petitioner focuses solely on counsel's conduct in failing to present evidence of the victim's sexually transmitted disease.[8] Petitioner argues this evidence is not prohibited by Oklahoma's rape shield statute. Obj. at 3 (citing Okla. Stat. tit.12, § 2412(B)(1)). In Petitioner's view trial counsel's "stipulation to exclude th[e] evidence denied Petitioner a constitutional right because evidence that the alleged victim had a sexually transmitted disease would have not only been admissible but also exculpatory." *Id.* Contrary to the Magistrate Judge's finding, Petitioner contends that "Oklahoma's Rape Shield Clause would allow [him] to examine the alleged victim regarding a sexually transmitted disease." *Id.* But Petitioner does not develop this argument.

And notably absent from Petitioner's counseled objection to the Magistrate Judge's denial of his ineffective assistance of counsel claim, is argument directed to the governing

---

[8] Petitioner expressly concedes that preclusion of "evidence or insinuation about the sexual behavior of the victim with anyone other than the defendant . . . was proper under . . . § 2412(A)." Obj. at 2.

11

doubly deferential standard of review. Petitioner focuses solely on whether his trial counsel's choices were "reasonable." Obj. at 4 ("[T]he relevant question to counsel's effectiveness is not whether counsel's choices were strategic, but whether they were reasonable." (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000)). He summarily "objects to the R&R in its entirety and emphasizes that the OCCA's analysis under *Strickland* was objectively unreasonable and not merely erroneous." Obj. at 4. Petitioner then argues that he had a right to be "confronted with the witnesses against him" and "a meaningful opportunity to present a complete defense" but he does not develop these arguments in any manner. *Id.* at 5.

The Court need not decide whether, as a matter of state law, the "evidence" challenged by Petitioner was inadmissible.[9] As Petitioner points out, Oklahoma recognizes

---

[9] Under §2412(B), "specific instances of sexual behavior" of the victim are admissible to show "the source of . . . disease[.]" *See* supra, n. 3. The statute is similar, but not identical to Fed. R. Evid. 412(b)(1). As observed by one commentator, whether evidence of a sexually transmitted disease (or sexually transmitted infection) is admissible under Rule 412(b)(1) "has not been well addressed at the federal level, and only a handful of states have tackled the question." *See* Erin Wilson, *Let's Talk Specifics: Why STI Evidence Should be Treated as a 'Specific Instance' Under Rape Shield Laws*," 98 N.C. L. Rev. 689, 693 (2020).

Some courts have permitted the admission of evidence of a victim's sexually transmitted disease, notwithstanding protections afforded by rape shield laws. But such evidence has been admitted in narrow circumstances to show that either the defendant or the victim had a sexually transmitted disease and the other did not. *See, e.g.*, *State v. Jacobs*, 811 S.E.2d 579, 582-83 (N.C. 2018) (trial court erred in excluding expert's testimony regarding presence of sexually transmitted disease in the victim but absence of that same disease in defendant as such conclusions would have permitted an inference that defendant did not commit the crime charged); *but see State v. Brantner*, 394 Wis.2d 523 (Wis. App. Sept. 22, 2020) (unpublished op.) (finding evidence that victim had sexually transmitted disease, but defendant did not, did not fall under statutory exception for evidence of specific instances of sexual conduct showing the source of the disease; defendant was not attempting to present evidence to show the victim engaged in sexual conduct with anyone else, only that he was not the source of the disease and such line of argument fell outside the statutory exception). As set forth above, there is no evidence before this Court as to whether Petitioner had a sexually transmitted disease. And, as discussed, there is only speculation as to whether H.S. had

12

that "in the specific circumstances of a particular case, [where] the unlimited application of Oklahoma's rape shield law will violate the defendant's constitutional trial rights . . . the statutory rights of the complainant must yield to the constitutional rights of the defendant." *Collins v. State*, 223 P.3d 1014, 1022 (Okla. Crim. App. 2009).  As set forth, Petitioner claims here that his constitutional rights to confront a witness and to present a defense have been violated.  Petitioner contends that he had a right to show that H.S. was sexually active which would have explained why H.S. had "detailed sexual knowledge" and demonstrated that "her allegations might be fabricated."  Pet. at 29.[10]

---

a sexually transmitted disease.  In any event, Petitioner does not argue the evidence is admissible for this purpose.  Instead, he argues it tends to explain H.S.'s "detailed sexual knowledge" and demonstrates her allegations "*might* be fabricated."  *See* Pet. at 29 (emphasis added).  None of these purposes are relevant to the identity of the perpetrator; rather, they speak to the general sexual behavior of the victim.  Petitioner fails to demonstrate, therefore, that the purpose for which he advocates admission of the evidence is not prohibited by Oklahoma's rape shield statute.  Certainly, he does not cite any Oklahoma law permitting the admission of such evidence under these circumstances.

The Court further notes that Petitioner points solely to Oklahoma's rape shield statute in arguing the evidence should have been admitted.  But Petitioner faced additional evidentiary hurdles, including the admissibility of the evidence under Okla. Stat. tit. 12, § 2403 ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, needless presentation of cumulative evidence, or unfair and harmful surprise.").  As discussed infra, Petitioner relies solely on speculation and not actual evidence regarding whether H.S. was sexually active.

[10] In making this argument, Petitioner makes reference to "the *fact* that [H.S.] was sexually active." Pet. at 29 (emphasis added).  But Petitioner then cites only the Motion in Limine and trial testimony of H.S.  *See id*.  As set forth, the record on the Motion in Limine contains no facts to show that H.S. was sexually active.  And the weight of the cited trial testimony involves H.S. describing sexual acts with Petitioner.  The only other testimony is cursory testimony by H.S. that she had a boyfriend and at times was at home alone with her boyfriend.  Such testimony certainly does not equate to evidence that H.S. was sexually active with her boyfriend.  Petitioner points to no other evidence in the record before the state courts or this Court.  Thus, the Court rejects Petitioner's unsupported assertion that "[t]he record on appeal *clearly demonstrates* that H.S. was sexually active and that was something that the jury should have considered for several reasons."  Pet. at 18 (emphasis added).

13

To this end, however, the only evidence in the record to infer that H.S. was sexually active was evidence that H.S. had a boyfriend during the time frame that Petitioner's sexual abuse occurred and that Petitioner permitted H.S. and the boyfriend to spend time alone together on occasion – evidence that was introduced at trial. There is no evidence that H.S. had actually engaged in sexual activity with anyone other than Petitioner.[11]

To the extent Petitioner seeks to draw the inference that H.S. was sexually active based on evidence that H.S.'s mother requested she be tested for a sexually transmitted disease, there is no evidence that, assuming the testing was conducted, such testing showed that H.S. had a sexually transmitted disease.

Instead, Petitioner rests his claim on speculation and conjecture. *Compare Richmond v. Embry*, 122 F.3d 866, 873 (10th Cir. 1997) (refusing to "equate a twelve-year-old girl's possession of condoms, or her friendship with a boy, with sexual activity"). In this context, Petitioner cannot demonstrate counsel's performance was deficient, particularly given "the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Tryon v. Quick*, 81 F.4th 1110, 1141 (10th Cir. 2023). Petitioner has failed to show that his counsel's performance was "completely unreasonable" and "not merely wrong." *Id.* (internal quotation marks and citation omitted).

In sum, Petitioner misunderstands his burden on habeas review. The OCCA's ruling that Petitioner failed to demonstrate deficient performance under *Strickland* was not "so

---

[11] Petitioner has never, for example, attempted to proffer testimony of the boyfriend as to whether he and H.S. were sexually active.

14

lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103.  Accordingly, Ground Two is denied.[12]

### C.  Ground Four – Jurisdictional Challenge

In Ground Four, Petitioner claims the United States had exclusive jurisdiction over the charged crime.  According to Petitioner the offense occurred on "public land" belonging to the United States.

In state post-conviction proceedings, Petitioner was represented by the same counsel as is currently representing him.  He raised this claim in those proceedings and the OCCA rejected the claim.  See OCCA Order Affirming Denial of Post-Conviction Relief [Doc. No. 10-13].  The Magistrate Judge found the claim should be denied because it was inadequately developed.  *See* R&R at 22.  Alternatively, the Magistrate Judge found that Petitioner failed to demonstrate the OCCA's decision on the issue was contrary to or an unreasonable application of clearly established Supreme Court precedent.  *Id.* at 22-24.

---

[12] In wholly conclusory fashion, the Petition purports to address the prejudice prong of *Strickland*. *See* Pet. at 31 ("There exists a reasonable probability that but for counsel's unprofessional and ineffective failure to advocate on his client's behalf the outcome of the trial possibly could have been different and that is reinforced by the fact that the jury deliberated for over eight hours before returning its verdicts and sentences").  The Court finds Petitioner has failed to adequately develop this argument or meet his burden under this prong.  In any event because the Court finds Petitioner's claim fails under the deficient performance prong, the Court need not further address the prejudice prong.  *See, e.g., Frederick v. Quick*, 79 F.4th 1090, 1105 (10th Cir. 2023) ("The court may address the two *Strickland* prongs in either order and need not address both if the defendant has failed to satisfy one."); *Davis*, 943 F.3d at 1303 n. 8 (finding court need not consider *Strickland's* prejudice prong where ineffective assistance claim failed on Strickland's performance prong).

15

In his Objection, Petitioner makes a rather incoherent argument.  He identifies the Magistrate Judge's characterization of his claim, follows that with an incomplete sentence regarding "the language discussed in the treaties combined with 25 U.S.C. § 71" and a reference to the "Treaty of 1856" and then concludes: "[t]he land could never become part of a state or territory and this language was not considered in Castro-Huerta."  Obj. at 6.  Petitioner fails to even provide a proper citation to "Castro-Huerta."[13]  Because Petitioner is represented by counsel, the Court will not liberally construe this argument or strain to understand the basis for Petitioner's objection.

Petitioner further argues:

The R&R also determined that the OCCA decided the claim on the merit but Petitioner objects that this is wrong because the OCCA ignored the language which involved the federal preemption and no analysis which ignores the merit is a merit-based determination.

Obj. at 6.  Again, Petitioner's argument is mostly incoherent and he provides no intelligible support for his claim.  Without development, Petitioner also argues that *United States v. Ramsey*, 271 U.S. 467, 559-60 (1926) does not apply to Oklahoma and that the "Ramsey Court did not undertake an analysis of the Oklahoma Enabling Act."  Obj. at 7.

The Court finds the Objection fails to sufficiently articulate the basis for challenging the findings of the Magistrate Judge.  And the Court otherwise concurs with the findings of the Magistrate Judge rejecting Petitioner's jurisdictional challenge.  Accordingly, the claim raised in Ground Four of the Petition is denied.

---

[13] It appears Petitioner is referring to *Oklahoma v. Castro-Huerta*, 597 U.S. 629 (2022).

16

## V.     Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 13] is ADOPTED, to the extent not inconsistent with the findings set forth, and the Petition [Doc. No. 1] is DENIED. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is DENIED.

IT IS SO ORDERED this 21st day of May, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE